■ In the Matter of NEW YORK STATE MULTI-HOUSING LAUNDRY ASSOCIATION et al., Respondents, v THOMAS F. HARTNETT, as Commissioner of the New York State Department of Labor, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered May 10, 1991 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* enjoin respondent from collecting a regulatory fee assessed for the inspection of coin-operated machines.

In this CPLR article 78 proceeding petitioners challenge the statutory authority of respondent to impose a fee of $12 for inspection of coin-operated laundry or dry cleaning machines, purportedly imposed pursuant to a 1990 amendment to Labor Law § 202-d *(see,* L 1990, ch 190, § 283). The amendment provided in pertinent part that "[a] fee of twelve dollars shall be assessed for each inspection of a coin-operated machine *required by rule or regulation"* (L 1990, ch 190, § 283 [emphasis supplied]).

Concededly, respondent could not point to any rule or regulation expressly mandating the performance of inspections of coin-operated machines. Supreme Court ruled, therefore, that the statutory condition for the imposition of the inspection fee had not been met and enjoined any further collection thereof. This appeal followed.

We reverse. As originally enacted, Labor Law § 202-d (L 1964, ch 360, § 1) authorized the promulgation of rules "governing the construction, maintenance, use, and operation of coin-operated machines * * * necessary for the protection of the lives, health, and safety of employees and of persons lawfully using such machines". In accordance with that enactment, safety rules for the construction, maintenance and operation of the common types of coin-operated machines

were duly promulgated in 1965 under 12 NYCRR part 43 of the regulations of the then Board of Standards and Appeals. Inspection of the machines to insure their conformity with the safety rules were performed by personnel of the Department of Labor (hereinafter the Department), but without a fee until the amendment to Labor Law § 202-d under consideration here. Labor Law § 25 directs that the Department *"shall inspect* every place which is * * * affected by the provisions of this chapter" (emphasis supplied). Inasmuch as the Department, under Labor Law § 25, was already mandated to conduct safety inspections with respect to coin-operated machines without the need for adoption of an additional authorizing regulation, Supreme Court's interpretation of the 1990 amendment to Labor Law § 202-d, as conditioning the collection of the inspection fee on adoption of a new rule or regulation mandating such inspections, appears to be inapposite. Instead, it is more likely that, in referring to a fee for an inspection "required" by rule or regulation, the Legislature had in mind the secondary meaning of "require" as "to call for as suitable or appropriate" (Webster's Ninth Collegiate Dictionary 1002 [1990]). In that sense, the $12 fee was properly imposed herein for safety inspections suitable and appropriate under 12 NYCRR part 43.

The foregoing interpretation of the 1990 amendment to Labor Law § 202-d is supported when we consider, as we must, the meaning of that provision in the context of the entire legislative enactment of which it formed a part and in the light of the objectives of the entire legislation *(see, Cummings v Board of Educ.,* 275 App Div 577, 579, 586, *affd* 300 NY 611; McKinney's Cons Laws of NY, Book 1, Statutes § 97). The amendment in question was part of an omnibus, purely revenue-producing bill *(see,* L 1990, ch 190) in which literally hundreds of fees or penalties were imposed or increased for a wide variety of permits, governmental services or regulatory or penal violations. There is not the slightest hint in the language of the entire enactment of Laws of 1990 (ch 190) or its legislative history that the amendment authorizing the imposition of a fee for inspections of coin-operated machines had as an additional purpose that of requiring the promulgation of an inspection regulation, or of making the collection of fees contingent upon the adoption of such a regulation.

It follows from the foregoing that the collection of fees for inspection of coin-operated machines challenged herein was and is duly authorized under Labor Law § 202-d, as amended, and that the petition herein should have been dismissed.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and petition dismissed.